## Samuels, et al. v. City of Clinton, et al.

(Decided May 25, 1920.)

### Appeal from Hickman Circuit Court.

1. Municipal Corporations—Debts and Expenditures Subject to Limitation.—Under the provisions of section 157 of the Constitution a municipality is not authorized, nor will it be permitted to become indebted to an amount exceeding in any year, the income and revenue provided for such year without the assent of two-thirds of the legal voters of the municipality.

2. Municipal Corporations—Debts and Expenditures Subject to Limitation.—A city of the fifth class will not be permitted to become indebted in an amount, including existing indebtedness, exceeding three per centum of the value of its taxable property to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness, unless in case of the existence of facts which constitute one of the exceptions to the above rule as provided in section 158 of the Constitution, among which is the existence of an emergency wherein the public health and safety require the incurring of the indebtedness.

JOHN R. EVANS for appellants.

JOHN H. SHELTON for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

Clinton is a city of the fifth class, and has a population of less than five thousand. The value of the taxable property in the city for the year 1918 was the sum of $613,659.00 and for 1919 was the sum of $813,333.00. It has an indebtedness created by an issue of bonds for street improvements, some years ago, in the sum of $9,500.00. On the second day of September, 1919, the council of the city duly adopted an ordinance by which was submitted to the legal voters of the city, at the regular November election, for the year 1919, the question whether or not the city should be authorized to incur an indebtedness in the sum of thirty thousand dollars for the purpose of purchasing and installing a system of water works for the city, and the use of the inhabitants thereof. The indebtedness, if assented to by two-thirds of the legal voters of the city, was proposed to be incurred by the issual of sixty bonds of the city, each of the denomination of five hundred dollars and bearing in-

terest from date; three of which will mature each year, and necessitating the levying of a tax each year, during twenty years, sufficient to pay the interest and to discharge three of the bonds. The election was duly advertised, held and the result certified, as by law required, and resulted in 254 of the legal voters of the city, voting at the election, casting their votes in favor of incurring the indebtedness, while 24 persons entitled to vote, cast their votes against the incurring of the indebtedness.

This action was instituted by certain citizens and taxpayers, of the city, against the city, its mayor, councilmen and officers, seeking to restrain them, by injunctive process, from creating the indebtedness and from issuing and selling the bonds proposed upon the ground that the debt was greater than the city was authorized to incur, under the provisions of sections 157 and 158 of the Constitution. An answer was filed, setting out the various steps preparatory to the submission of the question at the election, the results of the election, and, in addition thereto, the existence of an emergency authorizing and requiring the indebtedness for the protection of the health and safety of the people of the city, as required by section 158, *supra,* before a municipality is authorized to create a debt in excess of three per centum of the value of its taxable property. A demurrer was interposed to the answer, which the court overruled, and the appellants, who were the plaintiffs below, declining to plead further, the action was submitted upon the pleadings, when the court adjudged that an emergency existed wherein the public health and safety required and authorized the city to incur the indebtedness for the purpose of providing itself with a water works system, the cost of which, together with the theretofore existing indebtedness of the municipality, exceeded three per centum of the value of its taxable property and that two-thirds of the legal voters had assented to the indebtedness and the petition was dismissed and from the judgment the plaintiffs have appealed.

It is admitted by the pleadings that the city already owes a debt, for which its bonds are outstanding in the sum of $9,500.00 as before stated, and this added to the proposed indebtedness, creates a total of indebtedness in the sum of $39,500.00, which is an amount in excess of three per centum of the value of the taxable property

as shown by the assessment, for the previous year, and the creation of such an indebtedness is prohibited by section 158, *supra,* except in case of an emergency, as provided in that section. In the case of Samuels, et al. v. City of Clinton, et al., 184 Ky. 97, the same facts, as appear in the instant case, were relied upon as creating an emergency wherein the public health and safety would require, and therefore authorize the incurrence of a greater indebtedness than three per centum of the value of the taxable property, to provide a water works system for the city of Clinton, and in that case it was held that under the peculiar state of facts presented that such an emergency existed, and the pleadings admit the existence of the same state of facts at the present time.

While the proposed debt is greater than can be satisfied by the income and revenue of the city provided for such year, or that can be provided for the year in which the debt is incurred, and which is prohibited by section 157, *supra,* unless assented to by two-thirds of the legal voters of the municipality voting at an election held for the purpose of ascertaining their will upon the subject, it is admitted by the pleadings, that largely more than the necessary two-thirds of the legal voters have assented to the creation of the indebtedness, and further that the debt can be satisfied within the time provided, without increasing the rate of taxation authorized by section 157, *supra.*

It is therefore ordered that the judgment be affirmed. Chief Justice Carroll dissenting.

The opinion of the court follows and is authorized by the opinion in Samuels v. City of Clinton, 184 Ky. 97, which was considered and decided at a time when I was absent and for this reason did not dissent in that case.

I do not think that the facts set forth in the 184 Ky. case show such an emergency as is contemplated by section 158 of the Constitution.