## Nelson v. Board of Education of City of Williamsburg.

(Decided March 23, 1926.)

### Appeal from Whitley Circuit Court.

Schools and School Districts—Burning of Schoolhouse Held Not Emergency Validating Bond Issue for Erection of Another in Excess of 2 Per Cent. of Assessed Valuation of Property in District (Constitution, Section 158).—Burning of schoolhouse held not to create an emergency within Constitution, section 158, validating bond issue for erection of another in excess of 2 per cent. of assessed valuation of property in district.

STEPHENS & STEELY for appellant.

TYE, SILER, GILLIS & SILER for appellee.

Opinion of the Court by Judge McCandless—Reversing.

At an election duly called and regularly held on the 20th day of February, 1926, the qualified voters of the Williamsburg public school district by a vote of 594 to 40, authorized the board of education for the district to issue bonds in the amount of $50,000.00 for the purpose of constructing and furnishing a suitable school building for that district. In this suit by a taxpayer, judgment was rendered upholding the validity of the bonds and he prosecutes this appeal.

No valid criticism is urged as to the procedure in calling the election or as to the manner in which it was conducted, hence its validity must be upheld. The serious question is whether the board under constitutional limitations may issue the amount of the bonds thus authorized. The taxing district includes the city and adjacent territory, and under the provisions of section 158 of the Constitution, such a district may not incur an indebtedness in excess of 2% of the assessed valuation of the property embraced therein as assessed at the last previous assessment; this is shown to have been $1,100,000.00, which would have authorized the sale of only $22,000.00 on the bonds. However, it is stated by the board of education that on the 2nd of February, 1926, the schoolhouse of the district and its furnishings were destroyed by fire, necessitating the construction and furnishing of a new building; that it collected in insurance approximately $20,000.00; that it is not otherwise indebted and this sum is available for the use of the new building; that there are approximately 700 pupil children residing in the district; that it has investigated the cost of a new building and has ascertained that a suitable building for the accommodation of the number of pupils named cannot be erected and furnished for less than $70,000.00; that such a building as could be constructed under the strict limitations of the Constitution would be dangerous to the health and safety of the children; that it cannot rent any building suitable for school purposes, and for these reasons an emergency exists that authorizes it to exceed this sum, reliance being had on the exception in the constitutional provision, *supra,* which, after limiting such indebtedness as above stated, continues, "unless in case of emergency the public health or safety should so require." Before this exception can be invoked it must

plainly appear that the additional expenditure is required for the public health or safety. It has been invoked for the construction of water works in towns or cities dependent upon such a supply of water for the reason that the health of the community depends upon the purity of its water and its safety upon fire protection. Samuels v. City of Clinton, 184 Ky. 97, 188 Ky. 300; Harris v. City of Morganfield, 201 Ky. 588. On the other hand, it has been denied for the use of constructing an electric light plant. Samuels v. City of Corbin, *supra,* and for the improvement of an inadequate courthouse. Franklin County Fiscal Court v. Commonwealth, 139 Ky. 307.

The details of the plans adopted for the building are not before the court, but we may assume that the board has exercised sound business judgment and that the building planned is appropriate, and such as the patrons of the district desire. Also, the destruction of the old building was unforeseen and in a sense an emergency exists, but it does not clearly appear that the health or safety of the children will be endangered by a failure to construct such building. Every district which attempts the construction of a school building where none exists is confronted with the same situation, and it is a matter of common knowledge that in the smaller districts it seldom occurs that bonds can be issued in sufficient volume to construct a building that is deemed adequate for local necessities, and usually some plan not in conflict with the constitutional provision is adopted to meet the exigencies of the case. It is unfortunate that in matters pertaining to schools the Constitution has fixed the limitation of indebtedness so low, but the people have adopted this standard and it is the only safeguard we have against public extravagance and indebtedness. If relaxed in favor of a worthy cause in one instance the door is opened for unlimited expenditure in every public enterprise that may be considered conducive to health or safety, and if left to the courts to fix the amount permissible without any standard for their guidance this would vary with the views of the courts as to the merits of the enterprise and the necessities of the case, and endless confusion would exist.

In this instance an indebtedness of $50,000.00 would be approximately 5% of the assessed value of the property in the district. Suppose under similar circumstances there was no insurance and the assessed value of the property was only $700,000.00, could a 10% indebtedness

be allowed? If so, the principle could be extended *ad infinitum*. Much as we sympathize with the laudable efforts of the community in attempting to provide suitable means for the education of their children, we cannot disregard the plain mandate of the Constitution, nor can we under the facts of this case hold that an emergency exists within the contemplation of the exception quoted, *supra*. It follows that the board of education can not now legally issue and sell bonds in an amount in excess of 2% of the assessed valuation of the property of the district, based on the last assessment previous to the election. If property values should increase in the near future, perhaps a further issue and sale may be had. Sutherland v. Bd. of Education of Corbin, 209 Ky. 351.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.