## Fullerton v. Mann.

(Decided March 26, 1926.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations—On Expiration of Prosecuting Attorney's Term After Change from Third to Second Class City, it was City's Duty to Elect Successor to Serve Until End of Year for Election of City Attorney, and One Elected and Appointed by Mayor was Entitled to Office as Against Predecessor (Ky. Stats., Sections 3049, 3108, 3165, 3172, 3369; Constitution, Sections 160, 167; Acts 1924, c. 82).—Where term of prosecuting attorney of third class city, under Ky. Stats., section 3369, and Const., section 160, expired with 1925, after it became second class city under Acts 1924, c. 82, it was city's duty, under Ky. Stats., seitions 3049,

3108, 3165, and Const., section 167, to elect city attorney at regular 1925 election to serve until end of 1927, in which next election of such officer occurs under Ky. Stats., section 3172, and one elected thereat, and also appointed to same office by mayor to avoid vacancy, as authorized by sections 3049 and 3108, was entitled to office as against one whose term had expired.

2. Officers.—Officers may hold over after expiration of term only where there is no regularly elected and qualified successor.

3. Officers—Holding Over After Expiration of Term Until Qualification of Successor is for Convenience and to Prevent Hiatus, and Not to Extend Incumbent's Term.—Holding over of officer after expiration of term is for convenience, and to prevent hiatus, and not to extend term of incumbent, whose right to continue in office ceases as soon as successor is elected or appointed and duly qualifies.

PRICHARD & MALIN and MARTIN & SMITH for appellant.

S. S. WILLIS, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Fullerton, was duly elected prosecuting attorney for the city of Ashland in November, 1921, for a term of four years, as provided by section 3369, Kentucky Statutes, a part of charters of third class cities. At that time Ashland was a city of the third class but in 1924 it was advanced to the second class, the act providing "that all officers now holding office in any of the cities changed from a class other than they were at the time such officers were elected will hold their offices until *the. term* for which they were elected has expired, and until their successor has been elected and qualified." His term of four years expired in 1925. By section 3172, Kentucky Statutes, a part of the charters of cities of the second class, it is provided that "at the regular election 1895, and every four years thereafter, there shall be elected by the qualified voters of the city, a mayor, city clerk, city treasurer, city attorney, city solicitor, if there be such officer, and civil engineer and assessor and city jailor, who shall hold office for a period of four years and until their successors are elected and qualified." Beginning with 1895 and counting four-year periods, the regular election for city attorney in a city of second class like Ashland would have taken place in November, 1923, while the election of a prosecuting attorney in a city of the third class took place in November,

1925. In 1924 the city council of Ashland passed an ordinance providing for the election of a city attorney and certain other officials at the November election, 1925, and this ordinance was duly published. Notice was also given of the election, and in August, 1925, appellee, Mann, and one Fannin, were candidates in the primary for the Republican nomination for city attorney of Ashland, and two other persons ran for the Democratic nomination for city attorney in the same primary. Appellee, Mann, was declared the Republican nominee for the office and Earl Stephens, one of the other candidates, was duly declared the Democratic candidate for the same office as a result of that primary, and these opposed each other in the November election, 1925, Mann being elected by a substantial majority. In the regular course Mann was awarded a certificate of election by the board of election commissioners, and was at the time of the suing out of the injunction in this case proposing to qualify as city attorney of Ashland. But to make assurance doubly sure, W. B. Whitt, mayor of Ashland, appointed Mann city attorney of Ashland, in case a vacancy should be found to exist as a result of the litigation between appellant, Fullerton, and appellee, Mann. This litigation arose out of a controversy between appellant, Fullerton, and appellee, Mann, concerning who is entitled to the office of city attorney of Ashland. A temporary injunction was granted appellant, restraining Mann from qualifying, but on hearing this was dissolved. Thereupon Fullerton prosecuted an appeal from the Boyd circuit court to this court for the purpose of finally settling the matter. He contends (1) that inasmuch as he was elected under the constitutional and statutory provisions for a term of four years and until his successor is elected and qualified his term does not terminate until his successor has been elected at a regular election, and qualified as then provided for by section 3172, Kentucky Statutes; (2) that the saving clause of the transition act of 1924 was not an extension of the appellant's term beyond the period for which he was elected and qualified, because the general rule is, and this court has so held, that the hold over period is as much a part of appellant's term as the primary period; (3) the election is void because there was no constitutional or statutory authority for the election of a city attorney of second class cities at the November,

1925, election, and (4) there being no vacancy in the office the mayor had no power to appoint.

Appellee, Mann, insists that the term of appellant Fullerton, expired with 1925, and that the election of his successor should have taken place in November, 1925; that the term of office is fixed by section 160 of the Constitution at four years; that the provisions for officers holding over after the expiration of the term is merely! for convenience and to prevent a *hiatus* and is not intended to extend the term beyond the definite period fixed in the Constitution; that the rule is not changed by the transition of a city from the third to the second class; and, further that a vacancy in office exists when the party has no right to continue therein for a fixed time. The Constitution, section 160, provides that the mayor and police judge of municipalities shall hold office for four years and that all other officers, save members of the legislative bodies, of towns and cities may be elected or appointed, according to the provisions of the city charter, but provides, "when elected by the voters of a town or city their terms of office shall be four years and until their successor shall be qualified." Section 167, of the Constitution provides that all city and town officers in this state shall be elected or appointed as provided in the charter of each respective town or city, until the general election in November, 1893, and from that time on as their terms expire all officers required to be elected in cities and towns by this Constitution or by general laws enacted in conformity to its provisions, shall be elected at the general elections in November, but only in odd years, except members of municipal legislative boards, who may be elected either in the even or odd years, or part in the even and part in the odd years.

The term of office must be fixed and definite, so section 23 of the state Constitution provides; and section 161 of that instrument says: "Nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed." That provision is made with respect to city, county, town or municipal officers. The legislature had no power to extend the term of city officers beyond that fixed by Constitution.

Inasmuch as the appellant, Fullerton's, term of office as city attorney expired at the end of last year, and

1925 was not the regular year in which to elect a city attorney in a city of the second class and there would occur a vacancy unless filled by election or appointment, it was the duty of the city to cause an election to be held at the regular November election, 1925, to fill out the unexpired term, ending with the year 1927. Sections 3165, 3108 and 3049, Kentucky Statutes; Smith v. Doyle, 25, R. 958. Had there been no election, the mayor, being the chief executive officer of the city, was empowered by statute, sections 3049 and 3108, to fill the vacancy and had full power and authority to do so. It appears that appellee, Mann, was duly nominated and elected to fill the unexpired term beginning January, 1926, and to avoid any vacancy the mayor, not satisfied that the election was valid, undertook to appoint appellee, Mann, to the same office to fill the vacancy beginning January, 1926. Having been duly elected appellee, Mann, was entitled to take and occupy the office from January, 1926, but if that election had been invalid for any reason his appointment by the mayor as city attorney of Ashland entitled him to the office as against appellant, Fullerton, whose term had expired. It is insisted, however, by appellant that he was elected and qualified in 1921 for a term of four years and until his successor was duly *elected* and *qualified,* and as the election was invalid because not called and held at the right time, as was also the appointment made by the mayor, he continued in office until his successor was duly elected and qualified. The rule is well settled that the right of an officer to hold over after the expiration of the term exists only in case there is no regularly elected and qualified successor, and the incumbent cannot continue in office after the expiration of his term if his successor has been chosen and is qualified, for when the rights of a successor vest, those of the incumbent terminate. 22 R. C. L. 555; Stephens v. Carter, 27 Oregon 553; 31 L. R. A. 342.

The holding over of an officer after the expiration of his term is for convenience and to prevent a *hiatus* and not intended to extend the term of the incumbent. Such a provision is not for the benefit of the incumbent but for the general good and that the office may be occupied and the public may have services thereat. However, as soon as the incumbent is elected or appointed and qualified in the manner provided by law, his right in and to the office at once vests and the rights of the incumbent to continue

in office ceases, for he is there, as it is said, by sufferance, and certainly for the benefit of the public and not merely as a matter of right in himself.   Johnson v. Wilson, 95 Ky. 417; Stephens v. Wyatt, 16 Ben Mon. 542; Lafferty v. Huffman, 99 Ky. 95; Olmstead v. Augustus, 112 Ky. 366.

As appellant, Fullerton, was not entitled to continue in the office of city attorney of Ashland after the expiration of the term for which he was elected, unless there was no elected or appointed and qualified successor to the office, the chancellor did not err in overruling his motion for an injunction restraining appellee, Mann, from qualifying and assuming the duties of the office pursuant to his election in November, 1925.

Judgment affirmed.