Wells Township School District's Directors.

Submitted January 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. Roy Lilley* and *William P. Wilson,* for appellant.

*Rodney A. Mercur,* for appellees, cited: Fisher v. Gas Co., 1 Pearson 118; Craig v. Church, 88 Pa. 42; Lemoyne Boro. Councilmen, 15 Pa. Dist. R. 241.

OPINION BY MR. JUSTICE KEPHART, March 18, 1929:

Two school directors of a fourth-class district resigned, and two of the remaining three qualified members, after notifying the third, met at a regular meeting within thirty days from the date of the resignation and elected a successor to one of the resigned members. The three members, at a later meeting within the thirty days, elected Ayres, the appellant, as the final member of the board, the fourth member still declining to attend. The action of the two directors was prompted by a letter

from the superintendent of public instruction, advising such procedure.

After the expiration of the thirty days, ten resident taxpayers of the school district applied to the court below to appoint two school directors to fill the vacancies, appellant being made a respondent. The court below appointed two new directors. The questions raised on the appeal are, first, where two vacancies exist in a school board of five directors, may two directors at a regular meeting, after notice to the third, fill the vacancies; second, will the advice of the state superintendent protect the action of two directors?

The relevant sections of the Code (Act of May 18, 1911, P. L. 309) are as follows: Section 205: "In each school district of the fourth class, there shall be five (5) school directors......" Section 308: "A majority of the members of a board of school directors shall be a quorum. If less than a majority is present at any meeting, no business shall be transacted at such meeting, but the members present may adjourn to some stated time ......if there shall be a minority of the board present, because a majority of the seats are vacant, then in such case the minority members at any such meeting may fill vacancies in the manner provided in this act." Section 214: "In case any vacancy shall occur in any board of school directors in any school district of this Commonwealth, by reason of death, resignation, removal from the district, or otherwise,......in a school district of the second, third and fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter...... Provided, that if, by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors as is herein provided, within thirty (30) days after such vacancy shall have occurred, the court of common pleas of the proper county, upon the petition of ten or more resident taxpayers, shall fill such vacancy." Section 215: "In case

vacancies should occur whereby the offices of a majority of the members of any board of school directors......should become vacant, the remaining members shall fill such vacancies one at a time, giving the new appointee such reasonable notice of his appointment as to enable him to meet and act with the then qualified members of the board in making further appointments, until a majority of the board has been secured, when the majority shall fill the remaining vacancies at a meeting attended by the majority of said board, such appointees to receive a majority of the votes of the members present at any such meeting."

The two members followed the last-named section for their procedure. This section has no application, as it applies only to vacancies in the offices of a *majority* of the members. There were three active members in this district, though one did not attend the meetings mentioned. Section 308 defines what members shall constitute a majority, and the business a minority may transact. A minority may adjourn or under section 215 appoint directors where there is a vacancy in a majority of the members. But it cannot transact any business, or do any other act which would bind the school board.

Three is the smallest number which may form a quorum in school districts of the fourth class and three must be present to transact business. This quorum or majority is not reduced merely because one member happens to be absent from a meeting for the transaction of business. Under the School Code, a quorum must always consist of a majority of the total number constituting the membership. A statutory quorum cannot be changed by a reduction of the number by vacancies: Craig v. First Presbyterian Church, 88 Pa. 42; United States v. Ballin, 144 U. S. 1; 2 Dillon, Municipal Corp. (5th ed.) gg 521, 530.

Section 214 provides that where there is a vacancy the remaining members of the board shall, by a majority vote thereof, fill such vacancy. "Remaining members"

means all members in office when the vacancies occur, and action by less than that number is not the action of the remaining members. "Majority vote" of the remaining members contemplates concerted action of those members; at least they must be present in an official capacity attending a meeting at which a given action was taken. Any other construction would make this pointed language of very little weight, especially when the section immediately following is considered.

Appellant contends that the appointment of the two new directors may be sustained under sections 1006 and 1014. They provide that the superintendent of public instruction: "shall, whenever required, give advice, explanations, construction, or information to the district officers and to citizens relative to the school laws, the duties of school officers, the rights and duties of parents, guardians, pupils, and officers, the management of the schools and all other questions and matters calculated to promote the cause of education." "He may, when requested, give decisions and interpretations of the school law, which shall be valid and binding in like effect as law until reversed by proper judicial authority." The letter from the superintendent construing the matter is as follows: "Where two members of a board of directors whose full membership is five, have resigned, thus leaving but three members, the three members constitute the board, and if one member of the three is absent from a regular meeting, or a special meeting regularly called, the other two members constitute a majority of the board and may proceed to fill an existing vacancy."

The provision of the Code as to the duty of the court to appoint under circumstances such as before us would be useless if the foregoing contention were sustained. The sections relative to the superintendent's advice, above quoted, concern administrative matters and have nothing to do with substantive or governmental acts. The appointment of school directors is not an administrative act in the course of school business, but rather an

executive or quasi-governmental act. The Code states specifically how it is to be performed and these sections, with that relating to the jurisdiction of the court, must be read together. Any act done by the directors appointed by the two directors before the court acted would no doubt be covered by the superintendent's instructions. But the power of the court to appoint cannot be superseded in this manner. The statute having conferred the power to act whenever the school board fails, that jurisdiction cannot be taken away, even though the de facto officers are clothed with temporary legal authority. It can only be done by legislative act. We therefore hold that under the sections above quoted, authority is conferred on the superintendent of public instruction to advise in matters of an administrative nature, and acts done thereunder are presumptively valid; but the express authority of the court to appoint, being of a substantive nature, can be ousted only by legislative direction to the contrary.

The order of the court below is affirmed at the cost of appellant.