# Board of Trustees of Salt Lick Graded Common School District et al. v. Kercheval et al.

(Before Judge Willis of the Court of Appeals of Kentucky.)

(Decided August 19, 1931.)

CONNOR EWING for plaintiffs.

CHAS. D. GRUBBS for defendants.

OPINION OF JUDGE WILLIS—Sustaining motion in part to dissolve injunction, and overruling motion in part to dissolve.

The Salt Lick graded school district is governed by a board of trustees composed of five members, elected by the voters of the district (Ky. Stats., sec. 4465). The term of each member is three years, beginning with the second Saturday in May following the election, and continuing until the election and qualification of his successor.

The term of two members of the Salt Lick board expired in May, 1931, and C. L. Staten and C. M. Crane were elected to succeed them. Mr. Staten duly qualified, but Mr. Crane failed to do so. The statute provides that "failure to qualify within seven days after the election shall constitute a vacancy." It further provides that a vacancy in the board shall be filled by the "remaining members." E. R. Fannin and Rosamond Seese were the members whose terms had expired. They agreed between themselves that Mrs. Seese should act as a hold-over member in the place of Mr. Crane, until her successor was elected and qualified. Assuming without deciding that she could so act (Booth v. Board of Education, 191 Ky. 147, 229 S. W. 84; Fullerton v. Mann, 214 Ky. 764, 284 S. W. 113), her temporary occupation of the office to prevent a hiatus did not preclude the existence of a vacancy and the filling of the office by the duly appointed authority (46 C. J., sec. 110, p. 969), and she could not, in any event, participate in the selection of her own successor (46 C. J. 952; Glass v. City of Hopkinsville, 225 Ky. 428, 9 S. W. (2d) 117; Terry v. Cornett, 136 Ky. 628, 124 S. W. 870; Dixon v. Caudill, 143 Ky. 623, 136 S. W. 1043; Shepherd v. Gambill, 75 S. W. 223, 25 Ky. Law Rep. 333; Seiler v. O'Maley, 190 Ky. 190, 227 S. W. 141; Bownes v. Meehan, 45 N. J. Law 189; Com. v. Krapf, 249 Pa. 81, 94 A. 553).

The statute means that the vacancy shall be filled by the "remaining members," and does not include one

whose term has expired and whose very place is to be filled. In re Wells Tp. School District, 297 Pa. 242, 146 A. 601.

It was the statutory duty of the four ''remaining members'' to fill the vacancy caused by the failure of Mr. Crane to take the office. But they were in a deadlock and unable to agree upon a person to fill the vacancy. After some correspondence with the state superintendent of public instruction, an effort was made to hold another meeting at which no quorum was present, and it was resolved into a mass meeting of the patrons of the school. Resolutions were adopted to the effect that a petition be prepared and presented to the Governor or the superintendent of public instruction asking for the appointment of a fifth member of the board. The situation was presented to the Governor, and he appointed D. M. Waltz to fill the existing vacancy. He reappointed or retained Kercheval and Staten, who had tendered their resignations to him. The vital question presented is whether the Governor may, in the circumstances existing, make a valid appointment to fill a vacancy in the board. If so, the other questions argued need not be noticed.

It is provided by statute that the Governor shall fill all vacancies in office where no other provision of law for the filling thereof has been made. Ky. Stats., sec. 3758.

When the board is without any members, the Governor may appoint the entire body. Nelson v. Board of Education, 213 Ky. 714, 281 S. W. 808. When the vacancies must be filled by the board, as a corporate entity, and so many vacancies exist that a quorum is lacking, the board is disabled from acting, and the Governor is authorized to appoint the members for all the vacancies. Glass v. City of Hopkinsville, 225 Ky. 428, 9 S. W. (2d) 117. But, when the vacancy is to be filled by the remaining members of a board, such members as remain in office are authorized to act in filling the vacancies. Douglas v. Pittman, 239 Ky. 584, 39 S. W. (2d) 979. But these authorities do not reach or resolve the question that arises when a deadlock ensues among the remaining members. If the ''remaining members'' are unable to function by reason of equal division, there is no provision of law for the breaking of the deadlock, unless the authority of section 3758 of the Statutes may be invoked.

4

The provisions of section 1850, Ky. Stats., apply only to fiscal courts composed of the county judge and three commissioners, and may not be extended to other bodies. It seems that a deadlock among the remaining members of the board of trustees is a situation for which no specific provision of law has been made. It is reasonable to conclude that such a case falls within the all-inclusive authority conferred by section 3758, Kentucky Statutes, which empowers the Governor to act, when action may not be obtained otherwise. The power in the "remaining members" to fill the vacancy is not a power to perpetuate the vacancy. If a reasonable time has elapsed and the deadlock remains, the Governor must act to prevent the obstruction of the public business. The law will not be construed in such manner as to destroy the machinery of government (City of Williamsburg v. Weesner, 164 Ky. 769, 176 S. W. 224), but an interpretation will be adopted that promotes the orderly functioning thereof.

If the deadlock persists, the power of the remaining members to fill the vacancy becomes subject to the operation of the statute which authorizes the Governor to act and which was designed to cover every case not otherwise provided for by law.

The law abhors vacancies in offices, and the presumption is against a legislative intent to create or to allow a condition which may result in an executive or administrative office remaining unoccupied. 46 C. J. 973, sec. 117.

The statutory declaration of a vacancy, and the deadlock of the members designated to fill it, which deadlock has continued for a considerable time, creates the very situation contemplated by the statute describing the conditions under which the chief executive may act.

In this view of the case, the Governor's appointment of D. M. Waltz was valid and the circuit judge erred in enjoining him from acting as a member of the board.

Since the vacancy was legally filled by the Governor, as a consequence of the deadlock among the remaining members, it follows that the rights of Mrs. Seese as a hold-over member ceased (Fullerton v. Mann, 214 Ky. 764, 284 S. W. 113), and the court did not err in enjoining her from further participation in the work of the board.

It is therefore ordered that the motion of D. M. Waltz be sustained and the temporary injunction issued against him is now dissolved; and the motion of Mrs. Seese to dissolve the temporary injunction against her is overruled.

CHIEF JUSTICE THOMAS considered this case with me, and concurs in the conclusions reached.