## Perry County v. McIntosh.

(Decided April 26, 1932.)

H. C. JOHNSON for appellant.

S. M. WARD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal is from a judgment for $375 in favor of the appellee, Filmore McIntosh, for salary as county live stock inspector of Perry county during three months intervening between the date upon which the fiscal court declared his office vacant and the completed appointment of his successor.

By section 63c-18 of the Statutes the respective fiscal courts in the state are required to appoint or elect county live stock inspectors, but the appointment does not become effective until it is approved by the State Livestock Sanitary Board. No term of office is prescribed by the act which created it. Acts 1918, chapter 69, page 361. In the petition it is alleged that before April, 1930, the plaintiff had been duly chosen as live stock inspector of Perry county by the fiscal court, his salary fixed at $125 per month, and that he had not been paid his salary for April, May, June, and July, 1930, aggregating $500, for which he prayed judgment.

The answer denied that plaintiff was such officer during that period, and that the county was indebted to him. It also affirmatively pleaded that "during the year 192— the defendant had employed plaintiff as County Live Stock Inspector, which employment ceased at the end of the year 1929," and, further, that his employment terminated at the end of the year 1929. It was further averred that at a regular meeting of the court in April, 1930, the office was duly declared vacant, and at that same term the fiscal court had elected another person as live stock inspector, who had been approved by the state board in July.

The evidence of the plaintiff was that he had been live stock inspector of the county since 1914, which, it will be observed, antedated the act of the Legislature establishing the office which he claimed. No order of the fiscal court was introduced relating to his appointment nor was there any denial of the pleading that the period for which he had been chosen ended with the year 1929. The orders declaring a vacancy to exist, the election of a successor, and the fact that the state board had approved the appointment were introduced in evidence.

Unless chosen for a definite term it would seem the fiscal court could remove its appointee at pleasure. Cf. McChesney v. Sampson, 232 Ky. 395, 23 S. W. (2d) 584. But it does not become necessary to pass upon that question in this case, for it stands admitted in the record that appellee's term had already expired when the court declared a vacancy to exist and elected another person. He was simply holding over by sufferance and as a convenience to the public until his successor should be chosen. There was no extension of his term of office.

Fullerton v. Mann, 214 Ky. 764, 284 S. W. 113. The fact that the successor's appointment did not become complete or effective for ninety days because of the failure of the state board to approve it has no bearing upon the appellee's rights to exercise the office and receive pay during the interim. Indeed, it does not satisfactorily appear that he performed any of the duties of such officer during that term. The trial court should have directed the jury to find for the defendant instead of directing it to find for the plaintiff.

An appeal is granted, and the judgment reversed, for consistent proceedings.