## Middleton et al. v. Lewis et al.

(Decided March 10, 1933.)

B. M. LEE for appellants.

F. M. JONES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellants were contestees in an election contest involving their right to the certificates of election as members of the board of education of the Evarts graded common school district, and it having been adjudged that their certificates were void and that there was no election, they have appealed, and contestants have been granted a crossappeal.

Saturday, May 7, 1932, was the date for the election of the board members of graded common schools. See section 4465, Ky. Stats. There were three members of the board of the Evarts graded common school to be elected to fill the places of three members whose terms would end on Saturday, May 21, 1932. G. W. Middleton, N. B. Smith, Chester Boggs, Harvey Lewis, Howard Middleton, and E. P. Jackson were candidates for these positions. It is evident that the first three belonged to what we shall call "Faction A" and the last three to "Faction B."

The board of education had appointed Bradley Burkhart and Pearl Tomlinson as judges, Guy Jones as clerk, and Tom Hendricks as sheriff, to hold this election. See section 4465a, Ky. Stats. At the time set out in section 4465a, Ky. Stats., all of these except Hendricks were on hand. The candidates of and other members of "Faction B" asked to be allowed to name the man to fill the place of Hendricks and submitted a list of four names from which the other officers of the election selected Bryan Middleton as sheriff in lieu of Hendricks. These officers were sworn and the voting began.

After twelve votes had been cast, Bryan Middleton opened the door as if to admit more voters, when in marched a troop of armed men, who, at his direction,

went through the form of arresting the other three officers of the election, whereupon Bryan Middleton went through the form of selecting and swearing in other men in lieu of the officers whom this armed band had gone through the form of arresting, but for whose arrest they had not the shadow of authority, and these armed usurpers then went through the form of conducting an election and at the close of the day they counted up and certified the vote to be as follows: G. W. Middleton, 178; N. B. Smith, 147; Chester Boggs, 161; Harvey Lewis, 460; Howard Middleton, 441; and E. P. Jackson, 436.

They then put these ballots back in the ballot box, and instead of returning it to the board of education as required by section 4465a, Ky. Stats., they took it to the sheriff's office and left it there. Later it was taken to the county clerk's office, where the board of education of the Evarts graded common school district got it and from it undertook to tabulate the vote. The board of education counted no ballots except those signed by Guy Jones, the clerk of the election, appointed by them, and of these it found that each of the candidates of "Faction A" had received eight votes and each of the candidates of "Faction B" had received four votes, and accordingly it, acting under section 4465a, Ky. Stats., issued certificates to the appellants the candidates of "Faction A."

May 16, 1932, this contest was filed, by the candidates of "Faction B." When it was filed the clerk issued process requiring the contestees to answer within 10 days instead of 20 as required by section 1596a-12, Ky. Stats. On May 23, 1932, the contestees filed a motion to quash this summons and to dismiss this petition, and a special and a general demurrer to the petition all of which were overruled.

When contestants filed their petition, which appears to meet the requirements of section 1596a-12, Ky. Stats., as amended by Acts 1930, c. 51, and caused the clerk to issue summons thereon, they had done all the law requires them to do, and it then became the duty of the clerk to issue a proper summons, and the contestants will not be prejudiced by the failure of the clerk to do his duty in that respect. See Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538. When the contestees were served with process, that apprised

them of the pendency of the action. The law apprised them they must answer within 20 days. Without waiting for the running of either the 20 days or the 10 days, they appeared and took the steps mentioned, and we now hold the court did not err in overruling their motions and demurrers. See Humbert v. Heyburn, supra. Contestees filed answer and counter contest and contestants replied.

No useful purpose would be served in discussing the various demurrers and other pleadings filed, nor in discussing the evidence, further than to say that we have in this opinion stated the substance of it.

The court very properly adjudged there was no election. The returns certified by the usurpers who took charge of this election were properly disregarded and there was no certificate of any kind made by the officers of the election, nor could they very well do so, for they were seized and taken away within a few minutes after opening the polls.

Thus it follows that since May 21, 1932, the positions, of the three members of the board of education of the Evarts graded common school whose terms ended that day have been vacant, and that no one has been by virtue of this election entitled to fill these positions. The members whose terms ended on that day have since been legal members of the board serving until these vacancies are filled, but the remaining members of the board should proceed to fill these three vacancies, and in event of a disagreement resulting in a deadlock, that fact should be certified to the Governor, that he may fill them. See section 4465, Ky. Stats., section 3758, Ky. Stats., and Board of Trustees of Salt Lick Graded Common School District v. Kercheval, 242 Ky. 1, 45 S. W. (2d) 846.

Judgment affirmed on both the original and the cross appeal.