## Nelson v. Williamsburg Independent Graded School District et al.

(Decided Oct. 27, 1936.)

W. R. HENRY for appellant.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

In the early part of February, 1926, the school buildings of the Williamsburg graded common school district, hereinafter called the district, and their furnishings were destroyed by fire. At an election regularly called and held in the latter part of that month, the legal voters of the district authorized the board of education thereof to issue bonds in the sum of $50,000 to be used in the construction and equipping of new school buildings. In a suit by a taxpayer attacking the validity of the election and proposed bond issue, judgment was rendered upholding the validity of same.

On appeal to this court an opinion was rendered which is reported in 213 Ky. 714, 281 S. W. 808, 809, in which the validity of the election was upheld but the judgment was reversed because the assessed valuation of the property embraced in the district as shown by the last previous assessment was $1,100,000, and, under the provisions of section 158 of the Constitution, the district could not incur indebtedness in excess of 2 per cent. of the assessed value of the property in the district, which would authorize a sale of not more than $22,000 of bonds, and in its issue would be limited to that amount.

In August, 1928, the district which under the law is now called the Williamsburg independent graded school district and its board of trustees and the individual members thereof instituted this action against E. E.

Nelson, individually and on behalf of all taxpayers of the district, alleging that, following the decision of the Court of Appeals, plaintiff proceeded to and did sell $25,000 of the bonds which were dated May 1, 1926, and that a levy was made to provide a sinking fund for the retirement of the bonds and interest thereon; that the bonds were in denomination of $1,000 each and numbered from 1 to 25, inclusive; that 12 of the bonds have already been paid, liquidated, and taken up and the remainder of outstanding bonds in the sum of $13,000 due and payable, $2,000 on May 1, of the years 1937-1942, inclusive, and $1,000 on May 1, 1943, and that this $13,000 bonded indebtedness together with $2,500 current indebtedness constitutes the only outstanding indebtedness against the district.

It is further alleged in substance that, because of lack of sufficient funds, the building program to provide facilities for the school children could not be carried out or completed and that the necessity for additional buildings has become more acute because of the increase of children of school age in the district; that the district has entered into an agreement with the Public Works Administration for the erection of additional buildings sufficient to meet the needs of the district at an approximate cost of $30,000, $22,500 of which is to be paid by the Public Works Administration and $7,500 by the district; that the district will not be able to complete its building program unless it is authorized to sell at least $10,000 of the bonds authorized by vote of the people on February 9, 1926, to pay $7,500 on the new building and to purchase and install necessary furniture and equipment; that the assessed value of all property subject to taxation in the district as of July 1, 1935, was approximately $1,500,000.

They asked that they be permitted to issue and sell $10,000 of bonds authorized by the people in the election held in February, 1926, in addition to those they have heretofore sold and use the proceeds for the purposes indicated and that the remainder of the bonds so voted be canceled and held for nought.

After proof was taken by deposition to sustain the allegations of the petition, the chancellor on final hearing granted the relief sought, and the taxpayer who was made party defendant is appealing.

In the latter part of the opinion on the former appeal it is said:

"It follows that the board of education cannot now legally issue and sell bonds in an amount in excess of 2 per cent. of the assessed valuation of the property of the district, based upon the last assessment, previous to the election. If property values should increase in the near future, perhaps a further issue and sale may be had. Sutherland v. Board of Education of Corbin, 209 Ky. 351, 272 S. W. 887."

It is on the latter sentence of the quoted excerpt that appellees base their right to now issue additional bonds under the 1926 election.

In the Sutherland Case cited in the former opinion, it was held in effect that bonds voted in an election of this character need not be issued at once, but might be issued as needed, and that the right of the board of education to issue the bonds authorized by an election for the erection of additional school buildings was not lost by delay of two or three years; however, the conclusion we have reached renders it unnecessary to enter into that phase of the case. As indicated in the former opinion, the assessed valuation of all property subject to taxation in the district at the time was $1,100,000, which authorized an issue of only $22,000 of bonds, but, according to the allegations and proof in this action, bonds in the sum of $25,000 were issued, which was $3,000 in excess of the limit fixed by section 158 of the Constitution. We assume, however, that the board acted in good faith and was governed in the amount of bonds issued by the assessment of 1926, which had not been made at the time the election was held or before the litigation was terminated.

The evidence sustains the allegations of the petition concerning the indebtedness of the district but fails to sustain the allegations as to the assessed value of the property subject to taxation within the district. M. L. Angel, the only witness asked concerning the assessed value of the property of the district, testified that the assessment as of July 1, 1935, was $1,140,002. He gave as his opinion, based on former assessments and present values as he knew them, that the assessment as of July 1, 1936, would be approximately $1,500,000. It is at once manifest from a reading of section 158 of the Con-

stitution that the limit of indebtedness that may be incurred thereunder is to be estimated by assessments made as provided by law and cannot be estimated by the opinion of witnesses as to what a future assessment may be. Therefore, the only competent evidence we have concerning the matter is the assessment of July 1, 1935, and the board has already issued bonds in excess of 2 per cent. of that assessment.

Under section 158 of the Constitution, no town, county, or tax district may incur an indebtedness to an amount, including existing indebtedness, in the aggregate exceeding the maximum percentage therein indicated. It will be noted that the excerpt from the former opinion did not go so far as to say that, in the event of an increase of assessed valuation in taxable property, an additional issue of bonds within the 2 per cent. limit of such increase would be authorized, but, at most, merely voiced a doubt concerning that matter. It did however by strongest implication, if not by express terms, hold that there could be only one issue within the limits of the then existing valuation of property as shown by assessment; and this, in our opinion, is expressive of both the spirit and letter of our Constitution and laws.

It is our conclusion that in any event the school board in issuing additional bonds under the 1926 election would have to take into account those already issued, whether retired or outstanding, and may not make an additional issue to take the place of bonds formerly issued but which have been retired, since such a procedure would be an evasion of the constitutional provision and virtually result in its nullification.

Even under an assessment of $1,500,000 for 1936, as claimed by appellee, but not sustained by competent proof, the indebtedness which might be incurred would be limited to $30,000, and, when the amount of bonds already issued is added to other existing indebtedness, it will be seen that an additional issue of $10,000 of bonds under the 1926 election would not be permissible.

As said in the former opinion, "much as we sympathize with the laudable efforts of the community in attempting to provide suitable means for the education of their children, we cannot disregard the plain mandate of the Constitution."

However, it may be said that, under the conditions shown with reference to assessed valuation of property in the district and the amount of outstanding indebtedness, the law does provide a way in which an additional indebtedness, at least sufficient to provide funds to comply with the district's agreement with the Public Works Administration, may be incurred.

Judgment reversed for proceedings consistent with this opinion.