## In re South Heidelberg Township School District

*Charles H. Weidner*, for petitioners.

*George B. Balmer*, for defendant.

PER CURIAM, June 15, 1955.—A number of resident taxpayers of the School District of South Heidelberg Township petitioned the court to appoint a suitable person for the unexpired term of Harvey E. Sweigart, whose removal from the school district was alleged to have caused such vacancy in the school district of the township. The petition was filed to January term, 1954, no. 8. Answer was filed January 7, 1954. The court held a hearing January 27, 1954, at the close of which the court stated counsel might put the case on the argument list after transcription of the testimony. However, counsel did not do so and no further action was taken by them until the argument court of April, 1955, at which time they requested further hearing. Such hearing was held April 29, 1955. Petitioners filed an amended petition May 25, 1955, to which an answer was filed on June 6, 1955. The matter was argued in June argument court and briefs have been supplied.

In the course of the proceedings and before the taking of testimony, James B. Sisk, who had been named to the office of school director by the remaining members of the board in order to fill the vacancy, filed an answer to the petition and also filed an answer to an amended petition filed by petitioners. In his answer he denies that any vacancy exists, asserting that his own appointment or election by the remaining school directors on November 5, 1953, to fill the vacancy, was a legal election and that he lawfully held the office of School Director of South Heidelberg Township School District for the unexpired term of Harvey E. Sweigart.

He also admitted so much of paragraph 6 of the amended petition as averred that the term of office of James B. Sisk as an existing school director lawfully in office before the removal from the district of Harvey E. Sweigart, did not expire until the first Monday in

December, 1953, i.e., December 7, 1953. He concluded his answer by requesting the dismissal of the amended petition to fill an alleged vacancy.

## Discussion

Sisk was appointed to fill the vacancy at a meeting of the remaining members of the board, held on November 5, 1953. The validity of that action is challenged on several grounds. One is that either by removal from the district or by resignation, the former director, Sweigart, had terminated the term he was then serving on a day more than 30 days before November 5, 1953. It is argued from this fact that the remaining members had lost the power to fill the vacancy because after 30 days of nonaction in such case, the power to fill the vacancy shifts to the court of common pleas of the county.

Some difficulty would be presented in determining the case on this point, because the testimony and the minutes do not present a clear and uncontradicted statement of the exact day on which Mr. Sweigart left the district. The evidence of resignation shows that in the latter part of October there was prepared by Mr. Sisk a resignation which was signed by Mr. Sweigart and that this resignation so executed, was submitted to the board at the regular meeting November 5, 1953. In view of this latter evidence, we are unable to find as a fact that the remaining members of the board allowed more than 30 days to go by after the resignation without filling the vacant office by appointment. The evidence also appears too uncertain to fix a specific day more than 30 days before November 5th and hold that on that prior day Mr. Sweigart had removed from the township.

The next point of law on which the appointment of Mr. Sisk at the meeting of November 5th to fill the unexpired term of Mr. Sweigart is attacked lies in the contention that less than a majority of the remaining

school directors voted for his appointment. The Public School Code of 1949, as amended, 24 PS §3-315, provides that where a vacancy occurs in the board of school directors by reason of, inter alia, resignation or removal from the district, "The remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter".

The evidence indicates that at the meeting of November 5th four directors were present, i.e., John Sharman, James B. Sisk, John Benya and Dr. Wilbur Lutz. The board consists legally of five members and the fifth member had been Mr. Harvey E. Sweigart. The four members present therefore constituted a quorum and also consisted of the remaining members. The vote on the question of appointing Mr. Sisk to fill the unexpired term was as follows: Mr. John Sharman did not vote. Mr. James Sisk did not vote. Dr. Lutz and Mr. John Benya voted "Aye". The question is whether that vote is a vote by a majority of the remaining directors in accordance with the School Code. We are of the opinion that it was not a vote of the majority of the remaining directors. We therefore hold that Mr. Sisk was not lawfully appointed at that meeting to fill the vacancy caused by the resignation of Harvey E. Sweigart.

The remaining question presented is whether the remedy pursued by the petitioners gives us authority now to appoint a person to fill the vacancy. It is contended that since, in the present case, action has been taken to fill the vacancy and Mr. Sisk holds at least the color of office, the only remedy is an action of quo warranto. Counsel for Mr. Sisk cites Sewickley Township School District's Appeal, 327 Pa. 396, 399, for the proposition that ". . . quo warranto is the only action to try title to a public office". In that case, the court went on to say, "These de facto incumbents,

holding office under the color of authority of the school board which may fill vacancies that occur from time to time, are not parties to this proceeding. They are entitled to have their title adjudicated in a proper proceeding before the court below takes action on the petition . . .".

We observe at once that the present case is entirely different in the respect that Mr. Sisk has become a party to this proceeding, has filed an answer individually in it, and has testified as a witness and has attended in the course of the hearings. Furthermore, nowhere, either in his individual answer or in the answer of the South Heidelberg Township School District, which was signed and sworn to by James B. Sisk as president of the board, is any contention made that the proceeding under the School Code to fill a vacancy, was untimely or improper because the correct remedy was a writ of quo warranto.

As this case has developed, Mr. Sisk having become a party thereto and having answered therein, has had all the protection that an action by writ of quo warranto would afford him. The arguments and briefs of counsel have all been directed to the legality or illegality of his appointment. It would be harmful to the best interests of all concerned to delay further this already protracted litigation. The procedure herein adopted has, in the course of its development, become not unlike that in Wells Township School District's Directors, 297 Pa. 242.

For the foregoing reasons, we are not of the opinion that the authority of the Sewickley case, above cited, should compel us now to dismiss the petition in order that the question may be reheard and determined by substituting another proceeding.

And now, to wit, June 15, 1955, for the foregoing reasons, the petition will not be dismissed and the objections are overruled.