**Leslie JONES, Appellant,**

v.

**Ken BUCKLEY, Respondent.**

No. 52486.

Supreme Court of Missouri, Division No. 1.

March 11, 1968.

Wayne L. Millsap, St. Louis, for appellant.

Samuel Richeson, Roland A. Wegmann, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for contestee-respondent.

HENRY J. WESTHUES, Special Commissioner.

This case involves an election contest. Contestant, Leslie Jones, and Ken Buckley, contestee, were candidates for the office of Sheriff of St. Francois County, Missouri. The election was held on November 3, 1964. Of the votes cast at this election, not counting the absentee ballots, Jones received 7,488 and Buckley received 7,318. Of the absentee ballots counted, Jones received 554 and Buckley received 785, giving Buckley a plurality of 61 votes. A certificate of election was issued to Buckley. The absentee ballots were counted on Friday, Saturday, and Sunday, November 6, 7, and 8. At that time Jones, the contestant, was the sheriff of St. Francois County.

On November 28, 1964, Jones filed a notice with the clerk of the circuit court notifying Buckley that he, Jones, was contesting the election. The clerk issued a summons and delivered it and the notice to Sheriff Jones, the contestant. On November 28, the summons and the notice were served on Buckley by a deputy sheriff.

On December 12, 1964, Buckley filed a motion to dismiss the case. It was stated in the motion that the court did not have jurisdiction of the subject matter or the person of the contestee. The ground assigned was that the service of the notice on Buckley was void. It was alleged in the motion that Sheriff Jones, being the contestant, was not qualified to serve the notice but that in such cases the coroner of the county was the proper officer to perform that duty.

On application of Jones, the regular judge was disqualified and the case was heard by Judge Roy W. McGhee as special judge.

Judge McGhee denied the motion to dismiss. Buckley then applied to this, the Supreme Court of Missouri, for a writ of prohibition to prevent Judge McGhee from trying the case. On February 18, 1965, the supreme court denied the application for a writ of prohibition.

The dispute involved only the absentee ballots. The trial judge held many of these ballots invalid, but found that Buckley had been elected by a plurality of 17 votes. A judgment was entered in Buckley's favor. Contestant Jones appealed.

Title to an office under this state being involved, appellate jurisdiction is vested in this court by virtue of Article V, Section 3, Missouri Constitution of 1945, V.A.M.S.

Contestee Buckley insists that the trial court did not have jurisdiction and therefore the cause should have been dismissed.

Contestant Jones urges that it was the duty of the circuit clerk to deliver the summons and notice to the proper officer under Civil Rule 54.01, V.A.M.R. Jones claims that the fact that the clerk neglected his duty should not prejudice the contestant. The case of Middleton v. Lewis, 248 Ky. 86, 58 S.W.2d 251, was cited as authority. The following, taken from the opinion, was quoted in the brief:

"When contestants filed their petition, which appears to meet the requirements of section 1596a–12, Ky.Stats., as amended by Acts 1930, c. 51, and caused the clerk to issue summons thereon, they had done all the law requires them to do, and it then became the duty of the clerk to issue a proper summons, and the contestants will not be prejudiced by the failure of the clerk to do his duty in that respect. (Citation.) When the contestees were served with process, that apprised them of the pendency of the action." 58 S.W.2d 1. c. 252.

We find that the notice in that case was timely served by the proper officer. The clerk had the summons to read that the contestee had only ten days to reply, whereas the law permitted twenty days. The court held the error did not deprive the court of having jurisdiction. The case of State ex rel. Penrose v. Killoren, 354 Mo. 22, 188 S.W.2d 1, was cited also. In

that case the question of jurisdiction was held to have been waived when the contestee entered his appearance by asking the trial court to require the contestant to make a deposit in court to secure the costs, which request was granted. This occurred before the question of jurisdiction was raised. We do not have such a situation in the case before us. The contestee, Buckley, filed a motion to dismiss and raised the jurisdictional question before any other pleading was filed. After the motion to dismiss was denied, the contestee filed pleadings and also renewed his plea as to jurisdiction and briefed the point on this appeal.

■ It is our opinion that the motion to dismiss should have been sustained. The summons and the notice were served on Buckley by a deputy sheriff who, in law, was the alter ego of the contestant, Jones. In fact, the return on service of summons was signed "Leslie Jones, Sheriff of St. Francois County, Missouri, By Thomas E. Mell, Deputy Sheriff." This in effect was the same as if the sheriff had personally served the notice. Marsanick v. Luechtefeld, Mo.App., 157 S.W.2d 537, l. c. 543 [13, 14]; Cobe v. Lovan, Mo., 193 Mo. 235, 92 S.W. 93, l. c. 97. Jones, being the sheriff and the moving party in the case, was disqualified to serve the notice. Section 58.190, V.A.M.S. This court has held such service to be insufficient to confer jurisdiction on the court. It has long been the law of this state that to confer jurisdiction on a circuit court in an election contest, the record must show that the contestee was served with a notice by a proper officer within the time provided by statute. State ex rel. Kaysing v. Ryan, 334 Mo. 743, 67 S.W.2d 983, l. c. 984 [1–3]; Messick v. Grainger, 356 Mo. 1227, 205 S.W.2d 739, l. c. 741, 742 [2] [3]; Davenport v. Teeters, Mo.App., 273 S.W.2d 506, l. c. 511 [5]; 29 C.J.S. Elections § 256, pp. 702–704.

■ Contestant's contention that he should not be prejudiced by the neglect of the clerk is without merit. A sufficient answer to that is that neither should the contestee be prejudicied by such neglect. The question is one of jurisdiction and, in this case, the contestant, being the sheriff, should have known that he was not the proper officer to serve the notice on his opponent.

Contestant insists that even though the service may be held to be insufficient, the contestee waived the question of jurisdiction by filing pleadings and asking for affirmative relief. Cases cited in support of this contention are cases that were decided prior to the adoption of the new rules of civil procedure, or cases where the defendant entered his appearance before raising the jurisdictional question. See State ex rel. Penrose v. Killoren, supra, 354 Mo. 22, 188 S.W.2d 1. c. 3 [3] [4].

■ Under our present rules a litigant may question the jurisdiction of the court and then answer and try the case without waiving the question of jurisdiction. On this point we deem it sufficient to quote from the case of Greenwood v. Schnake, Mo., 396 S.W.2d 723, l. c. 726, where this court said in an opinion by Commissioner Houser:

"A defendant may perform these acts and thus enter and probe into the merits of the case without the necessity of making the time-honored 'special appearance' or reserving the jurisdictional point at each stage of the procedure. Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route.

"Note well, however, that a defendant objecting to lack of jurisdiction over his person should *promptly* file the motion raising the question. Such a motion must be made within the time allowed for responding to the opposing party's pleading, Civil Rule 55.36; § 509.330, and if not made within the time therein limited the

party waives all objections to jurisdiction then available to him, by the express provisions of Civil Rule 55.37 and § 509.340."

In a supplemental reply brief contestant urges that the record shows contestee was served with a notice of contest by the coroner on December 11, 1964. That fact does not aid contestant if the service was made too late. It is argued that Section 124.250, V.A.M.S., provides that the notice must be "given to the opposite party within twenty days after the votes have been officially counted" and that in the same section it is provided that "the notice shall be served fifteen days before the term of court at which the election shall be contested." This question was settled in the case of Davenport v. Teeters, Mo. App., 273 S.W.2d 506. In that case, in an opinion by Justice Ruark, the Springfield Court of Appeals reviewed the question of the sufficiency of the notice and service thereof at length. It was held that a notice which did not specify the term of court at which the case would be heard was not defective. The court did hold that the notice must be served by a proper officer within twenty days after the official count of the votes. Cases from the supreme court en banc were cited in support of the ruling made.

Contestant, in the supplement reply brief, stated also that "It is impossible to determine *from the record* just when the votes were 'officially counted.'"

Contestant filed his notice on November 28, 1964. It was alleged in the notice that the election was held on November 3, that contestant received 8,042 votes and Buckley received 8,103 votes, and that 1,300 absentee ballots were cast. Contestant did not state when the absentee ballots were counted. However, Section 111.710 V.A.M.S. provides that the county clerk shall "within five days after the close of each election, * * * give to those having the highest number of votes certificates of election." We take notice of

the statute and therefore may assume that the clerk of the county court performed his duty. It is evident from the statements made by the contestant in the notice that the votes were officially counted more than twenty days before December 11 when the coroner served Buckley with a notice of the election contest. That was the situation when Buckley filed his motion to dismiss the case for want of jurisdiction.

We rule that the trial court should have dismissed the cause for want of jurisdiction.

It is therefore ordered that the case be remanded and the trial court be directed to dismiss contestant's case.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.