CASE 55—ACTION BY R. E. CREEL AND OTHERS TO HAVE CERTAIN TERRITORY STRICKEN FROM THE CITY BOUNDARY OF LEBANON—Nov. 21.

# City of Lebanon v. Creel, &c.

109   363
d118 260

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.    AFFIRMED.

MUNICIPAL CORPORATIONS—ENLARGING OR REDUCING BOUNDARY—CONSTITUTIONALITY OF STATUTE—MANDAMUS.

Held:    1. Kentucky Statutes, section 3483, providing for enlarging or reducing the boundary of a city of the fourth class, permits any equitable defense to be filed by the city on behalf of the public; and as it does not, therefore, require the court, in considering the question of extension or reduction of the boundary, to ignore the rights of the public or the city, it is not unconstitutional.

2. As it was the duty of the city council to pass an ordinance fixing the boundary of the territory proposed to be stricken off, and to advertise the same, to the end that an action might be instituted in the circuit court, mandamus lies to compel the council to pass such an ordinance, upon its failure or refusal to do so.

3. The courts will not inquire as to the influences which operated to procure the enactment of a statute.

H. P. COOPER FOR APPELLANT.

1. Reasonable time was not allowed the council, to consider the application of the appellees, and this suit was instituted before the council had acted upon said application. The application for a mandamus was premature and should have been dismissed.

2. The public can not be benefited by having the boundary changed in such a manner as to diminish the city and increase the burden of taxation on the general public.

3. The original act as amended is unconstitutional and void, because it requires the servants of the public to survey and advertise at the expense of the public for the benefit of the applicants for a change. Robinson v. Swope, 12 Bush., 21; Duke, &c. v. O'Bryan, 100 Ky. Rep., 710.

4. Said act is null and void, because it requires the court in considering questions under it, to ignore the rights of the public, and to consider only the rights of the applicants. Atchison v. Lucas, 83 Ky., 460.

JOHN McCHORD & FINLEY SHUCK, ATTORNEYS FOR APPELLEES.

1. It is claimed by appellant that the act of the Kentucky Legislature of March 17, 1898, authorizing cities of the fourth class to reduce their boundary, is unconstitutional, but counsel fail to cite any provision of the Constitution that the act violated.

2. The questions before this court, arise upon the demurrer to the answer, which was hastened, and judgment of mandamus warranted in conformity with the prayer of the petition.

3. We trust that the statement of the provisions of the amended act and the reasons for its passage will be sufficient to enable the court to discover its just and fair provisions without the citation of authorities.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellees, being resident citizens of the city of Lebanon, brought this action, seeking a mandamus compelling the board of councilmen of the city to pass an ordinance, and to advertise such fact, defining the boundary and territory described and set out in a certain memorial or written petition signed by more than twenty-five voters and

resident taxpayers of the city of Lebanon, presented to and filed before the council, seeking to strike from the city boundary certain territory. The proceedings by appellees before the council were in accordance with the act approved March 17, 1898, and the council declining to act as the act directs they shall, this action is instituted to compel such action by the council.

The defense presented by the city and the councilmen is that the amendment of March 17, 1898, is unconstitutional and void. The section (Kentucky. Statutes, section 3483), as amended, provides: ". . . Whenever it shall be deemed desirable to annex any territory to. a city in this class, or to reduce the boundaries thereof, the same may be done in the following manner: The board of council of such city shall, by ordinance, accurately define the boundary of the territory proposed to be annexed or stricken off, either upon their own motion, or, if requested to do so by written petition of at least twenty-five voters and resident taxpayers of the city, or residing within the proposed boundary to be added, or stricken therefrom, shall pass the ordinance in conformity with the requests of such taxpayers. . . . Within thirty days after the adoption, publication and advertisement of such ordinance, a petition shall be filed in the circuit court of the county within which said city may be situated, in the name of one or more of the said petitioning taxpayers, setting forth the passage, publication and advertisement of such ordinance, the object and purposes thereof, together with an accurate description by metes and bounds of the territory proposed to be annexed to or stricken from the city, and praying for a judgment of the court to annex said territory to, or strike same from the city, as the object may be. . . . But at the first term of the circuit court, or within the time fixed by the

court by its order, the board of council of such city or any one or more of the resident voters of the territory proposed to be annexed or stricken off may file a defense in said proceedings, setting forth the reason why such territory, or any part thereof, should not be annexed to the city, or why the limits of the city should not be reduced. The case shall be tried by the court without the intervention of a jury. If the court upon hearing be satisfied that less than a majority of the resident voters of the territory sought to be annexed or stricken off have remonstrated against the proposed extension or reduction, and will in its effect impose no unjust burden upon the citizens within such boundary, it shall so find, and the proposed extension or reduction shall be decreed or adjudged. But if the court shall find that a majority, or more, of the resident voters in the territory to be added or stricken, remonstrated against such change, and that such change will cause material injury to the owners of real estate in the limits of the proposed extension or reduction and will in its effect impose unjust burdens upon the citizens within said boundary, it shall so find. And said extension, or reduction, shall be denied. . . ."

It is urged against the constitutionality of the statute that the court, in considering the question of extension or reduction, is required to ignore the rights of the public or the city, and consult only the private rights of the resident taxpayers in the boundary sought to be annexed or stricken off. We do not so understand the act. The plain and express language of the act is "that the board of council of such city or any one or more resident voters of the territory . . . may file a defense in said proceedings, setting forth the reason why such territory or any part thereof,

should not be annexed to the city, or why the limits of the city should not be reduced."

It seems plain to us that this permits any equitable defense to be filed by the city on behalf of the public, or by any citizen on his own behalf. However, it is said that this permission *supra*, is limited or destroyed by the following provisions as to the findings of the court upon hearing, and directing what judgment shall follow. In this construction placed by counsel on the succeeding clauses of the act, we do not concur. While the language is not free from doubt, we must, in view of the other provision for defense by the city or citizens, conclude that the question of the will of the majority of the resident taxpayers in the boundary is not the only question that may be submitted to the court. In our opinion, this provision means that, if a majority of the resident voters and taxpayers remonstrate against annexation or exclusion, it shall not be decreed. If, however, a majority favor annexation or exclusion, the court may then consider the questions of burdens on the taxpayer, and the equitable rights of the city in the matter. It can not be, and we do not understand by the act, that the Legislature intended that a majority of the voters and taxpayers of any boundary can absolutely control as to whether they can annex to or be cut off from a city boundary, independent of the wishes or rights of the municipal corporation.

The Legislature has said, as we understand the act, that a majority living within a proposed boundary may prevent a change in its status—that is, if out may stay out and if in may stay in the city limits; but we think it has not been provided that the majority has absolutely power to change existing conditions. These being the provisions of the act, it is not, in our opinion, repugnant to the Constitution.

The rights of the citizen or municipality are not abridged, nor is the power and authority of the judicial department unduly restricted. The courts, under the act, may yet administer equal justice to all parties in interest.

The act being valid, it was the duty of appellants, the councilmen of the city, to pass the ordinance fixing the boundary of the proposed reduction, and to advertise same, to the end that the action might be instituted in the circuit court. Upon failure or refusal, the court was authorized to direct by mandamus that such action be taken, as the council, upon the filing of the required petition, had no discretion in the matter, and in this instance had ample time to verify the correctness of the calls of the proposed boundary. The act seems to intend that no delay shall be interposed in determining whether territory shall be annexed to or stricken from a city. The council shall act and the case shall be heard at the first term, unless time is given.

The answer presents some question of fact, as to how or under what influences this act was procured to be enacted by the General Assembly. Such questions are not open for judicial investigation. Legislation favorable to localities and classes is too often enacted, but the remedy, if the act is within the Constitution, is with the people, and not the courts.

Judgment affirmed.