## McCreary, Governor v. Fields.

(Decided June 6, 1912.)

### Appeal from Franklin Circuit Court.

1. New Districts—Creation by Legislature—Officer in Old District. —The legislature in creating a new district cut off two counties in which the Commonwealth Attorney of each of these districts resided, and provided that the Governor should appoint and commission a Commonwealth Attorney for the new district. Held, That the act is valid, and that the Commonwealth Attorneys of each of the old districts continue in their old districts as Commonwealth Attorney and have a reasonable time after the act takes effect to change their residence.

2. New Districts.—Commonwealth Attorney not entitled to act in neither of them is entitled to act as Commonwealth Attorney in the new district.

E. D. STEPHENSON, JAMES GARNETT, Attorney General, for appellant.

O'REAR & WILLIAMS for appellee.

Opinion of the Court by Chief Justice Hobson—Reversing.

The last General Assembly passed an act creating the 35th judicial district. The act contained, among others, these provisions:

"That the thirty-fifth judicial district of Kentucky is hereby created and shall be composed of the counties of Pike and Letcher.

"The Governor of the Commonwealth of Kentucky shall appoint and commission a Circuit Judge and Commonwealth's Attorney of said district, who shall hold their offices until their successors are elected and qualified."

Letcher County was taken out of the 33rd judicial district, and Pike County out of the 24th district. Ira Fields, the Commonwealth's Attorney of the 33rd district, lived at Whitesburg, in Letcher County. John F. Butler, the Commonwealth's Attorney of the 24th district, lived at Pikeville, in Pike county. After the act was passed creating the 35th district, Butler resigned the office of Commonwealth's Attorney, and Fields thereafter brought this suit against the Governor, alleging in substance that as he lived in Letcher County he was entitled to hold the office of Commonwealth's Attorney of the 35th judicial district, and that there was no vacancy in that district, in the office of Commonwealth's Attorney, to be filled by the Governor. He sought an injunction restraining the Governor from appointing another as Commonwealth's Attorney of that district. The circuit court, on hearing the case, granted the injunction. The Governor appeals.

In the case of Watkins v. Snyder, this day decided, we held that as by section 134 of the Constitution, the judicial districts of the State may be changed upon the establishment of a new district, the power conferred upon the Legislature to change the districts includes and carries with it the power to work out the details by

which the change may be carried into effect. In the act before us, the Legislature undertook to do this by providing that the Governor should appoint and commission the Circuit Judge and Commonwealth's Attorney for the new district. The necessary effect of the act is that Fields is to remain the Commonwealth's Attorney of the 33rd district, in which he was elected. In creating a new district, the Legislature must disturb existing districts, and when it cuts off a county in which either a Commonwealth's Attorney or a Circuit Judge resides, if he elects to continue as an officer of the old district, he must in a reasonable time change his residence, and take up a residence in the district which he is to serve. It cannot be maintained that when a district is divided each of these officers may determine at will in which district he will serve; for, if this were the rule, there would be endless confusion. This is well illustrated here: Both Butler and Fields resided in the new district, and each had an equal right to claim that he was the Commonwealth's Attorney of that district. The fact that Butler has resigned adds nothing to the rights of Fields. The fact is that Fields was elected Commonwealth's Attorney of the 33rd district, and when the Legislature created a new district, cutting off part of the 33rd district it had the power to determine what district should be the 33rd district, so far as the office of Commonwealth's Attorney was concerned. The Legislature of the State has all power not taken from it by the Constitution. The power, therefore, to do a particular thing is in the Legislature, unless its power in regard to this matter is limited by the Constitution. There is in the Constitution no limitation upon the power of the Legislature as to the arrangement of the districts, when a new district is created, and from the necessity of the case, it must have been contemplated by the makers of the Constitution that the Legislature should regulate such matters. Were the rule otherwise, no officer would know where he was to serve and constant litigation would ensue. So it has been held that if an officer resides in a county which is cut off from the district, he may continue to serve his old district by changing his residence in a reasonable time to some county of his old district. If he declines to do this, he will vacate his office in that district, and there will be a vacancy in that district in the office, which may be filled by the Governor; but he has a reasonable time after the act takes effect to change his residence, and

thus preserve his right to hold his office. Fields has no right to the office of Commonwealth's Attorney in the 35th judicial district. There is a vacancy in that office, which may be filled by the Governor.

Judgment reversed, and cause remanded for a judgment dismissing the petition.