## Warren v. Blatt.

Oct. 24, 1939.

Fred M. Warren for appellant.

William U. Warren for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action was brought under the Declaratory Judgment Act, Sections 639a-1 to 639a-12, inclusive, of

the Civil Code of Practice, for a declaration of the rights of the parties hereto. The case involves the question as to whether an election for the office of Mayor of the city of Southgate, a city of the fifth class, should be held at the coming general election on November 7th.

The appellee, William F. Blatt, and four others were elected as members of the Board of Trustees of the city of Southgate for two year terms at the general election in November, 1937. Section 3681 of the Statutes. Southgate was then a city of the sixth class. Blatt was elected chairman of the Board of Trustees in January, 1938. Section 3696 of the Statutes. In May, 1938, Southgate became a fifth class city. Chapter 86, Regular Session Acts 1938. A comparison of Section 3680, which provides for the governmental setup in a sixth class city, with that of Section 3616, which pertains to the government of a city of the fifth class, reveals that the latter section provides for the office of mayor, whereas the former does not. Section 160 of the Constitution provides that the terms of office of mayors or chief executives shall be for four years and until their successors shall be qualified. The next regular election for mayors of fifth class cities will be at the general election in 1941.

Provision is made in Section 2741 of the Statutes for the holding over of officers where a city is changed from one class to another. This section reads as follows:

"All other incorporated cities and towns not named in this bill shall belong to the sixth class, provided that all officers now holding offices in any of the cities changed from a class other than they were at the time such officers were elected will hold their offices until the term for which they were elected has expired and until their successor has been elected and qualified."

It is the appellee's contention that, since he began serving as the chief executive of Southgate when he was selected chairman of the Board of Trustees in January, 1938, and has acted as its mayor since it became a city of the fifth class in May, 1938, he is entitled to hold this office until the next regular election for mayors of fifth class cities (1941). He relies upon Section 2741 of the Statutes heretofore quoted, and Section 160 of the Constitution. The trial judge ruled in favor of Blatt. If this position should be upheld it would mean that Blatt would serve for approximately two years beyond the term for which he was elected trustee in 1937.

It is appellant's contention that a vacancy in the office of mayor will exist after the expiration of Blatt's two year term in January, 1940. He insists that this vacancy should be filled in accordance with the provisions of Section 152 of the Constitution and Sections 1521 and 1522 of the Statutes. We think this position is sound. In the case of Scott v. Singleton, 171 Ky. 117, 188 S. W. 302, an injunction proceeding involving certain officers of the city of Paducah, the Court had before it a situation in which the legislature had attempted to provide that certain appointees to municipal offices should hold office until the next regular municipal election. It was held in that proceeding that the constitutional provisions (Sections 152 and 160) and not the legislative enactment should prevail, and that the appointments could have been made only until the regular election in 1916, a year prior to the next regular municipal election.

In the case at bar Blatt is asserting his right to hold office until the regular election in 1941 by virtue of his having served as the chief executive of Southgate while it was a city of the sixth class and having acted as mayor after it became a city of the fifth class, even though he was elected as trustee for a two year term in 1937. The case of Fullerton v. Mann, 214 Ky. 764, 284 S. W. 113, 114, presents a situation similar in some respects to the case at bar. Fullerton was elected prosecuting attorney of the city of Ashland in 1921 for a term of four years. Ashland was then a city of the third class. It became a city of the second class in 1924. The Act providing for its advancement contained provisions similar to those contained in Section 2741 of the Statutes quoted above relative to the holding over of officers. There was an election for city attorney in second class cities in November, 1923. In 1924 the city provided for an election of city attorney and other officers at the November election in 1925. Mann was elected city attorney and Fullerton sought to keep him from qualifying for the office. In denying Fullerton's claim to the office it was said:

"Inasmuch as the appellant, Fullerton's term of office as city attorney expired at the end of last year, and 1925 was not the regular year in which to elect a city attorney in a city of the second class, and there would occur a vacancy unless filled by election or appointment, it was the duty of the city to cause an election to be held at the regular No-

vember election, 1925, to fill out the unexpired term, ending with the year 1927. * * *

"The holding over of an officer after the expiration of his term is for convenience and to prevent a hiatus, and not intended to extend the term of the incumbent. Such a provision is not for the benefit of the incumbent, but for the general good, and that the office may be occupied, and the public may have services thereat. However, as soon as a claimant is elected or appointed and qualified in the manner provided by law, his right in and to the office at once vests, and the rights of the incumbent to continue in office cease, for he is there, as it is said, by sufferance, and certainly for the benefit of the public, and not merely as a matter of right in himself." Citing cases.

While there is no one claiming the office as against Blatt, the question has been duly raised as to his right to serve as mayor after the end of the two year term for which he was elected in 1937. There can be no argument that the public would be better served by Blatt's continuing in office from the first of January, 1940, until the next regular election for mayors in cities of the fifth class in 1941. The advantage would be distinctly Blatt's. As indicated in the Fullerton case, supra, the provisions for the holding over of an officer after the expiration of his term is for the general good and to prevent a hiatus in the office. It follows from what has been said, therefore, that we find no basis for the contention that Blatt's assumption of the duties of mayor in 1938 would warrant him in continuing to serve as mayor for approximately two years after the expiration of the two year term for which he was elected in 1937. It is true that Section 2741 of the Statutes, which provides for the holding over of officers where a city has been changed from one class to another, should be given a liberal interpretation to avoid conflicts and difficulties during the transitional period. However, this does not mean that the term of an officer can be extended for any such period as contended by Blatt.

Wherefore, the judgment is reversed with directions to enter a judgment in conformity with this opinion.

Whole Court sitting.