## Cornett et al. v. Clements et al.

November 19, 1948.

Rehearing denied January 28, 1949.

Ardery & Hobson, Harkins & Harkins, Joe Hobson and Bert T. Combs for appellants.

A. E. Funk, Attorney General, Guy L. Dickinson, M. B. Holifield,

Assistant Attorney· Generals, Davis M. Howerton, J. ·W. McKenzie, LeWright Browning, John T. Diederich, H. R. Rysard, Frank C. Malin and Grannis Bach for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

This action attacks the constitutional validity of a judicial re-districting statute enacted by the 1948 Legislature, Laws 1948, c. 212, now incorporated in KRS 23.040. The act establishes Boyd County as a separate judicial district (the 32nd), creates a new one (the 39th) and rearranges counties in the 24th, 25th, 31st, and 36th districts. The Chancellor upheld it, except for one provision which he adjudged severable. On this appeal appellants contend the law violates Sections 234, 131, 59, 60 and 128 of the Kentucky Constitution.

The right and power of the Legislature to establish an additional district and to make changes in the others is not contested. Section 138 of the Constitution provides that a county having a city of 20,000 inhabitants and a population of 40,000 or more, including the city population, may constitute a district. Boyd County with its second class city, Ashland, meets these requirements. The Act created for Boyd County a court in "continuous session," but the authority of the Legislature to do so is not disputed. Section 134 of the Constitution authorizes changes in other districts when a new district is established. The general scheme of this legislation therefore has constitutional sanction.

We will now turn to the specific objections launched by appellants against this new law.

I. A violation of Section 234 of the Constitution is claimed because the statute permitted each commonwealth attorney of the 24th and 31st districts, who no longer resided in his former district, to retain his office if he moved his residence into a county of the changed district "before the expiration of his term." (Section 3.) Section 234 of the Constitution directs that district officers shall "reside" within their respective districts. Since this Court has recognized (McCreary, Governor, v. Fields, 148 Ky. 730, 147 S. W. 901) that when a new judicial district is created, the officer living outside of it as a result of the change must move into it *within a rea-*

*sonable time* to retain his office, appellants contend the section of the Act allowing a longer period is invalid.

We have grave doubts as to whether or not the time for removal set out in the statute is unreasonable. There are a number of factors not shown by this record which should be given consideration. If, as a matter of fact, the period allowed for removal appears unreasonable upon a literal interpretation of this section, such construction need not be adopted. Under the well known principle that a statute will be upheld rather than invalidated where subject to different constructions, the particuclar provision here involved may properly be construed to mean the officers shall remove their residences within a reasonable time prior to the expiration of their terms. This construction is permissible even though the words ''within a reasonable time'' were struck from the original bill by amendment, since it must be presumed the Legislature enacted the law in the light of the constitutional requirement as construed by this Court.

The Chancellor decided this provision was invalid but severable from the rest of the Act. This determination reaches the same result, i. e., the officers still have a right, and duty, to remove into their new districts within a reasonable time.

Appellants at great length argue that the law would not have been passed without this provision. Proof was taken to show that one member of the Legislature, and perhaps others, previously opposed, had changed their position when the Act as originally drawn was amended to include its present wording. The courts, however, have no authority to inquire into the political controversies or motives which precede the enactment of a law. 11 Am. Jur., ''Constitutional Law,'' Section 141. City of Lebanon v. Creel, &c., 109 Ky. 363, 59 S. W. 16. Even if we could do so, there is no substantial proof that this part of the Act was a substantial factor in its passage.

Assuming, however, this provision is invalid, it is not such an integral part of the legislative scheme that the manifest purpose of the law will fail if it is deleted.

KRS 446.090 fixes a legislative intent that a statute shall remain in force even though a part thereof is un-

constitutional "unless the remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that is is apparent that the General Assembly would not have enacted the remaining parts without the unconstitutional part, or unless the remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the intent of the General Assembly."

It is obvious the provision in question is insignificant. The principal purpose of the law was to create a new judicial district and change the composition of others. The part relating to commonwealth attorneys now in office was manifestly incidental. In no way are the major objectives of the Act essentially or inseparably connected with or dependent upon it.

Most convincing is a statement made by this Court in a case upon which appellants principally rely and from which they quote in their brief. In Commonwealth v. Hatfield Coal Co., 186 Ky. 411, 217 S. W. 125, the Court found that an unconstitutional exemption in an act destroyed it entirely. The Court stated, 186 Ky. at page 425, 217 S. W. at page 131: "The substituted section is out of harmony with the whole purpose of the act, and inconsistent with every material provision in it."

Applying the yardstick appellants themselves invoke completely refutes their contention that this single provision, even if invalid, destroys the whole statute. Their first objection is without merit.

II. Appellants next contention is the Act violates Section 131 of the Constitution which declares: "There shall be at least three regular terms of circuit court held in each county every year."

There is nothing in the Act itself violating this constitutional provision since it specifically provides for three terms of court annually in each county affected (except Boyd County where a court in continuous session is created).

The criticism of the Act, however, is based upon this factual development: It directed a term of court to commence in Knott County on the second Monday in June, which was June 14. The Act became effective on June

17. Because of such situation Knott County was, as a matter of fact, deprived of one of its regularly constituted terms. This was contrary to the constitutional requirement, but the hiatus was not the result of any invalid provision of the law.

We must take a practical view of the matter. The June 1948 term of court in Knott County is now lost and gone forever. To declare the Act unconstitutional could never restore this particular term. For the future the constitutionally required three terms are established.

It is not the function of the courts to decide abstract questions which could have no possible practical affect upon existing conditions. We are unable to undo what has already been done, or to rectify it. The controversy raging in the parties' briefs over the loss of the June term in Knott County is now no more than a colurable dispute with no effective significance. It is a moot question. See 14 Am. Jur., "Courts," Section 49; Winslow et al. v. Gayle, Mayor et al., 172 Ky. 126, 188 S. W. 1059; Pettingill v. Hills, Inc., 199 La. 557, 6 So. 2d 660, 662; State ex rel. City of St. Louis v. Hay, Mo. Sup., 153 S. W. 2d 837, 838; Dickey Oil Co. v. Wakefield, 153 Kan. 489, 111 P. 2d 1113; State v. Zisch, 243 Wis. 175, 9 N. W. 2d 625, 626.

Appellants rely on Hinkle v. Rose, Judge, 233 Ky. 606, 26 S. W. 2d 541. We are unable to detect the importance of that case in this controversy. It was there decided a term in the Knox Circuit Court had no legal commencement because of the effective date of a statute changing the time for holding court in that county. The only question in the case was whether or not this term of court legally existed or could lawfully be held by the circuit judge. The controversy was over the *term of court* and not *the statute.* The invalidity of the term did not reflect upon the constitutionality of the law which established it. Similarly in the present case, the loss of the June 1948 term in Knott County was a fortuitous circumstance which was not occasioned by any invalid provision in the Act. We must reject this ground of attack.

III. Appellants next maintain the statute violates Sections 59 and 60 of the Constitution which prohibits the enactment of special and local acts. The Act de-

clares the regular term of court for the 32nd District, Boyd County, shall be "at Ashland, continuous session." Section 5. Ashland is not the county seat of Boyd County. KRS 24.010, subsection (1), provides: "In counties constituting separate judicial districts and having a population of less than 150,000, the circuit court shall be in continuous session, and shall be held in a city of the second class if there is one in the county, but the judge shall hold part of the sessions at the county seat of the county if it is not such city, such part to be not less than two weeks, if the business of the court requires, in February, June and October of each year."

This is, of course, a general act. If the statute under consideration prohibits the holding of three terms of court at the county seat of Boyd County, Catlettsburg, then it is local legislation.

There might be some justification for appellants position if the Act did abolish the court at Catlettsburg. It clearly does not do so. It directs the court in continuous session to be held at Ashland, as required by KRS 24.010, since this is the only second class city in the county. It does not purport to withdraw from Catlettsburg the terms of court provided in the last mentioned statute.

Appellants argue it is impossible to hold a court in continuous session at Ashland and still have time to hold three terms of court at Catlettsburg. The fallacy of this argument is to insist that the expression "continuous session" must be construed literally, and the judge holding such session must be physically present in the courtroom twenty-four hours a day, 365 days a year. Both the Constitution and the statutes use the language "continuous session" to differentiate such courts from those having "terms." The procedural rules in the two types of courts are necessarily different.

The Legislature, however, in KRS 24.010, has provided that a court in continuous session may be held in one of the county's cities and a court with terms may be held by the same judge in another city, the county seat, during the same year. Appellants do not even suggest the Legislature cannot so provide. The Act under consideration is not unconstitutional as local legislation if complementary to the general statute. Clearly the new

law implements the provisions of KRS 24.010, and does not abolish the required terms of court at the county seat. We can find no valid constitutional objection to the statute on this ground.

IV. Appellants' final contention is the Act violates Section 128 of the Constitution. That Section provides in part: "At its first session after the adoption of this Constitution, the General Assembly, having due regard to territory, business and population, shall divide the State into a sufficient number of judicial districts to carry into effect the provisions of this Constitution concerning Circuit Courts."

Appellants insist the evidence shows the Legislature did not have due regard for the territory, business and population when it created the new district and made changes in the others. We have held recently that these considerations must be taken into account when the Legislature undertakes to create a new district and reorganize other ones under the powers granted by Section 132 of the Constitution. Runyon v. Smith, 308 Ky. 73, 212 S. W. 2d 521.

We will first consider the creation of Boyd County as a separate district. Appellants apparently overlook the fact that the constitutional requirements for the creation of this type of district are not those set out above in Section 128 but are those in Section 138. As pointed out in the Runyon case just cited, and as appears clearly from the language of Section 138, the only constitutional limitation on the right of the Legislature to create a separate district of one county is that it must contain at least a population of 40,000 and a city of 20,-000. These requisites exist in Boyd County, and it is unnecessary for us to consider the evidence with respect to the judicial business in that county upon which appellants lay so much stress.

In the establishment of the new district, it was of course necessary to make changes in one or more other districts. There is no constitutional prohibition against making such changes. See Section 134. We will assume that in altering these other districts the Legislature must have due regard for territory, business and population. It must be recognized, however, that the Legis-

lature is given discretion to determine the need for and the geographical boundaries of the transformed districts. It is not for the courts to pass upon the practical virtues of the new arrangement.

It is true that in Willis v. Johnson et al., 279 Ky. 416, 130 S. W. 2d 828 (the first appeal of this case appears in 275 Ky. 538, 121 S. W. 2d 904) evidence was considered in upholding the creation of a new judicial district. It was carefully pointed out, however, that the courts may not interfere with the Legislature's discretionary determination by tearing apart and treating separately the factual conditions upon which it was based. We limited the scope of the courts' investigation by saying, 279 Ky. at page 422, 130 S. W. 2d at page 831 (our italics): "the authority of the courts has been to determine whether or not there was *any* evidence to support the legislative conclusion that the new district was necessary or to show that that body had due regard for the factual conditions."

It was finally held in that case the evidence failed to exhibit the absence of a factual basis to support the Legislature's conclusion in the exercise of the wide discretion granted to it.

Adopting the reasoning in the case of Clark, Director of Motor Vehicles, v. Paul Gray, Inc., 306 U. S. 583, 59 S. Ct. 744, 83 L. Ed. 1001 (quoted from in the above case) we must again reassert the principle that the determination of the Legislature is presumed to be supported by the facts known to it. Where it is given discretion, courts have no authority to plumb the factors which enter into its enactments, except to determine if the legislative decision is without rational basis.

The evidence in this case is wholly insufficient to demonstrate the Legislature acted arbitrarily or without justification. The Act does not offend the Constitution on this ground.

For the reasons stated, the judgment is affirmed.