**CITY OF SOMERSET et al. v. CAYLOR et al.**

Court of Appeals of Kentucky.

June 22, 1951.

Rehearing Denied Sept. 28, 1951.

Lawrence S. Hail, Somerset, for appellants.

Smith & Leary, Frankfort, C. L. Tarter, Gladstone Wesley, Somerset, for appellees.

STANLEY, Commissioner.

The transfer of Somerset from a city of the fourth class to a city of the third class on June 15, 1950, Ch. 149, Acts of 1950, has caused confusion with respect to the offices of city attorney and prosecuting attorney.

In a city of the fourth class, the duties of the city attorney are not only those of a counsellor and attorney in civil matters but include those of a prosecuting attorney in the police court. KRS 69.560, 69.570. In a city of the third class, these duties are divided between a city attorney and a prosecuting attorney. The city attorney represents the municipality in all civil matters and receives a salary fixed by the Council plus 10% of all sums recovered and collected by him for the city. KRS 69.490, 69.500, 69.540. The prosecuting attorney attends to the criminal and penal cases in the police court and appeals from its judgments and receives 30% of the fines and forfeitures recovered therein. KRS 69.510, 69.520, 69.530.

Joe E. Caylor was elected city attorney of Somerset for a four-year term beginning January 1, 1950, and his compensation was fixed by the Council at $45 a month and the further sum of 25% (sic) of the fines and forfeitures recovered in the police court. KRS 69.550, 69.560. He pleaded in this suit for a declaratory judgment that he is entitled to both offices of city attorney and prosecuting attorney in Somerset since it became a city of the third class and to receive the same compensation as before.

Considering that there was a vacancy in the office of prosecuting attorney when Somerset became a city of the third class, an election to fill it was held in November, 1950. John J. Prather was elected and qualified a few days later. Caylor was also a candidate for the office. Prather pleaded that he occupies that office and is entitled to the compensation provided by the statute, which is, as stated, 30% of all fines and forfeitures recovered in the police court. He does not deny Caylor's right to continue as city attorney.

The circuit court adjudged that both men are entitled to the respective offices of city attorney and prosecuting attorney, and that Caylor is entitled to receive the same compensation that he did before, although relieved of the duties of prosecuting attorney, since it was not competent for the legislature to reduce his compensation during his term. The City of Somerset appeals and takes the position (1) that the separate office of prosecuting attorney does not come into existence until the expiration of the term of the city attorney elected when it was a city of the fourth class, so there was no vacancy and Caylor holds over as city attorney and is entitled to the same compensation, or, alternatively, (2) that if Prather is entitled to the office of prose-

cuting attorney and to receive the emoluments thereof, the city is not required to pay two men for services which one man performs, and that Caylor cannot recover any portion of the fines and forfeitures.

In reassigning a city to another class under Sec. 156 of the Constitution, the Legislature may do pretty much as it pleases, at least with offices it has created. As suggested in the brief of the amici curiae, the Legislature has determined that Somerset has "arrived at that stage of municipal development where it requires the legal services of a prosecuting attorney as well as those of a city attorney." Here the duties of the office of legal representative has been cut in two, and two offices created where there was only one. The special office of prosecuting attorney is unknown to a city of the fourth class, and when its reassignment became effective, it was the same as if the office had then been originally created.

By KRS 81.020 the Legislature has provided: "Terms of officers when city assigned to another class. Any officer holding office in any city changed from a class other than that in which it was at the time the officer was elected shall hold his office until the term for which he was elected has expired and until his successor has been elected and qualified."

KRS 81.030 relating to the transfer of a city of the third, fifth, or sixth class to another class is more specific in providing that the "powers, rights, duties, or obligations of the city, or of any officer * * * shall not be affected by the transfer." This permits the implication in KRS 81.020 that while an officer's term is not shortened by reassignment of a city of the fourth class, his duties and rights may be changed. KRS 81.020 is to be construed and applied liberally in order to avoid conflicts and difficulties during the transitional period. Warren v. Blatt, 280 Ky. 185, 132 S.W.2d 933.

We have not heretofore had a case involving the present problem in the transfer of a city from the fourth to the third class, but have had two similar cases where cities were changed from the third to the second class, the statutes being different in this particular. In a city of the second class, the attorney who prosecutes criminal and penal actions is called the "city attorney." He is also an assistant to the "city solicitor" who is the attorney in civil matters. The city attorney receives a definite monthly salary. KRS 69.450, 69.460.

In Gilbert v. City of Paducah, 115 Ky. 160, 72 S.W. 816, it was held that a prosecuting attorney and a marshal of a third class city became the city attorney and chief of police, respectively, in the second class municipality for the remainder of their terms, and to receive the same compensation as before the transfer was made. It was noted in the opinion that but for the special provisions of what is now KRS 81.020, saving their rights, they would have been legislated out of office. In the transfer of a city from the fourth to the third class, the legislature, as stated above, has only provided for saving the tenure of the incumbent of his office, which we construe to be where the new city organization has an office of the same or comparable duties. When Ashland was transferred from the third to the second class, it was held in Carroll v. Fullerton, 215 Ky. 558, 286 S.W. 847, that there was no change in the corporate entity and that the transfer did not affect the rights and duties of the prosecuting attorney so that he continued to hold the office of city attorney with the right to receive the same compensation as before the transfer (being 30% of the fines and forfeitures received) though the compensation of a city attorney of the second class differed from that of a city of the third class, being a fixed salary. A former judgment operated as res judicata upon other points, but this part of the decision was reached independently of that fact and was rested on the Paducah case.

The statute KRS 81.020 clearly saves Caylor's tenure as city attorney of Somerset from being shortened or ended. The character of services of the city attorney is the same except the exclusion of the duty of prosecuting criminal cases.

The Warren case, supra, and others hold that where there is a hiatus between the expiration of a term of an elected officer

and the regular time for appointing or electing another in the same place, there is a vacancy which may be filled according to the methods prescribed by the law. So, in the present case the court rightly adjudged that there was a vacancy and that it was filled by Prather's election.

 The instant case presents a situation like that where the Legislature has divided a judicial district and created a new one. The judge and Commonwealth's attorney in office at the time have the right to elect whether they will become officers in the new or remain in the old district. Adams v. Roberts, 119 Ky. 364, 83 S.W. 1035; McCreary v. Field, 148 Ky. 730, 147 S.W. 901. So, we think the incumbent, Caylor, had the right of election or choice whether he would become city attorney or prosecuting attorney in the third class city of Somerset. The Constitution and the Statutes forbid any person filling two municipal offices at the same time. Const. Sec. 165; KRS 61.080. Notwithstanding Caylor became a candidate for prosecuting attorney, one does not relinquish an office he holds by becoming a candidate for another. He never at any time relinquished the office of city attorney, and we think he thereby made his election to continue in that office.

It follows as matter of logical sequence that Caylor is entitled to receive the salary of city attorney. But the Statutes do not authorize the appropriation of any part of the fines and forfeitures recovered in the police court to compensate a city attorney in a city of the third class. While the effect is to reduce Caylor's compensation very materially, as held in Gilbert v. City of Paducah, 115 Ky. 160, 72 S.W. 816, Sec. 161 of the Constitution, which bars any change in the compensation of a city officer during his term, is to be read with and is qualified by Sec. 156, which empowers the Legislature to reassign a city from one class to another with the consequences of changes in compensation which follows. Though KRS 81.020 saves the tenure, it does not save the emoluments from change. It was competent for the Legislature to reduce the compensation. James Auditor, v. Duffy, 140 Ky. 604, 131 S.W. 489.

We are of opinion, therefore, that the judgment is erroneous in declaring Mr. Caylor entitled to receive any portion of the fines and forfeitures recovered in the police court.

Judgment reversed.